UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>REAL PROPERTY LOCATED AT 4343 NORTH FORTY, LINCOLN, CALIFORNIA, PLACER COUNTY, APN: 031-310-028-000, et al.,<br><br>Defendants. | No. 2:18-cv-00808-DC-CKD<br><br>PARTIAL FINAL JUDGMENT OF FORFEITURE REGARDING REAL PROPERTY LOCATED AT 13373 BENNETT ROAD, HERALD, CALIFORNIA<br><br>(Doc. No. 98) |

On March 17, 2026, Plaintiff United States and Claimant Hong Lin filed a stipulation for the entry of final judgment of forfeiture regarding real property located at 13373 Bennett Road, Herald, California, Sacramento County. (Doc. No. 98.)

Pursuant to that stipulation, the court finds the following:

1. This is a civil forfeiture action against eight real properties, one of which is the real property located at 13373 Bennett Road, Herald, California, Sacramento County, APN: 152-0120-022-0000. ("Defendant Property").

2. A Verified Complaint for Forfeiture *In Rem* ("Complaint") was filed on April 5, 2018, alleging that said Defendant Property is subject to forfeiture to the United States pursuant to 21 U.S.C. §§ 881(a)(6) and 881(a)(7). (Doc. No. 1.)

3. On June 12, 2018, the Defendant Property was posted with a copy of the

1

Complaint and Notice of Complaint.

4.      Beginning on April 20, 2018, for at least 30 consecutive days, the United States published Notice of the Forfeiture Action on the official internet government forfeiture site www.forfeiture.gov. A Declaration of Publication was filed on May 21, 2018. (Doc. No. 14.)

5.      In addition to the public notice on the official internet government forfeiture site www.forfeiture.gov, actual notice or attempted notice was given to the following individual related to this Defendant Property: Hong Lin.

6.      Claimant Hong Lin filed a Verified Claim on May 21, 2018, and an Answer to the Complaint on June 27, 2018. No other parties have filed claims or answers regarding this Defendant Property, and the time in which any person or entity may file a claim and answer has expired.

Based on the above findings, and the files and records filed in this action, the court orders as follows:

1.      Judgment is hereby entered against Claimant Hong Lin, and all other potential claimants who have not filed claims in this action.

2.      Upon entry of this Final Judgment of Forfeiture, Claimant Jin Heng Jiang shall pay $50,000.00 to the United States in lieu of forfeiting the defendant real property located at 13373 Bennett Road, Herald, California, Sacramento County, APN: 152-0120-022-0000 - the substitute *res*. Claimant Hong Lin shall pay the $50,000.00 to the United States within two years from filing of the settlement documents. All right, title, and interest in the substitute *res* shall be forfeited to the United States pursuant to 21 U.S.C. §§ 881(a)(6) and 881(a)(7), to be disposed of according to law.

3.      The payment should be in the form of cashier's check made payable to the U.S. Marshals Service, and sent to the U.S. Attorney's Office, Attn: Asset Forfeiture Unit, 501 I Street, Suite 10-100, Sacramento, CA 95814.

4.      The United States shall withdraw their *Lis Pendens* upon entry of this Final Judgment of Forfeiture and within 30 days from receiving payment of the $50,000.00.

5.      If Claimant Hong Lin is unable to pay the $50,000.00 to the United States within

the time stipulated above Claimant Hong Lin will be deemed to be in default and the U.S. Marshals Service (or a designee) shall be authorized to list the Defendant Property for sale.  The U.S. Marshals Service shall have sole authority to select the means of sale, including sale by internet or through a licensed real estate broker, and shall have sole authority over the marketing and sale of the Defendant Property.

6.      The U.S. Marshals Service shall have the Defendant Property appraised by a licensed appraiser of its choosing. The U.S. Marshals Service and the appraiser may have access to the Defendant Property and structures, buildings, or storage sheds thereon upon 24 hours telephonic notice.

7.      If necessary, the U.S. Marshals Service, and any real estate broker employed by the U.S. Marshals Service, shall have the right to put a "lock box" on the property to facilitate the marketing and sale of the Defendant Property.

8.      The following costs, expenses and distributions shall be paid in escrow from the gross sales price in the following priority and to the extent funds are available:

a.      The costs incurred by the U.S. Marshals Service to the date of close of escrow, including the cost of posting, service, advertising, and maintenance.

b.      Any unpaid real property taxes, which shall be prorated as of the date of the entry of the Final Judgment of Forfeiture.

c.      A real estate commission not to exceed the U.S. Marshals Service's contractual brokerage fee.

d.      The seller shall pay any county transfer taxes.

e.      The United States will receive $50,000.00 of the remaining net proceeds from the sale of the defendant property.  All right, title, and interest in $50,000.00 of the remaining net proceeds shall be substituted for the defendant property and forfeited to the United States pursuant to 21 U.S.C. §§ 881(a)(6) and 881(a)(7), to be disposed of according to law.

f.      The remaining net proceeds, if any, shall be paid to Claimant Hong Lin through attorney J. Patrick McCarthy.

9.      Any liens or encumbrances against the Defendant Property that appear on record subsequent to the recording of plaintiff's *Lis Pendens* on April 16, 2018, and prior to the close of escrow may be paid out of escrow.  The United States may pay any such lien or encumbrance at

3

its sole discretion.

10. The costs of a lender's policy of title insurance (ALTA policy) shall be paid for by the buyer.

11. All loan fees, "points" and other costs of obtaining financing shall be paid for by the buyer of the Defendant Property.

12. Each party shall execute all documents and provide signatures necessary to close escrow, as required by the title company.

13. The United States and its servants, agents, and employees are released from any and all liability arising out of or in any way connected with the filing of the Complaint and the posting of the Defendant Property with the Complaint and Notice of Complaint. This is a full and final release applying to all unknown and unanticipated injuries and/or damages arising out of or in any way connected with the filing of the Complaint and the posting of the Defendant Property with the Complaint and Notice of Complaint, as well as those now known or disclosed. Claimant Hong Lin waived the provisions of California Civil Code § 1542.

14. Claimant Hong Lin waived any and all claim or right to interest that may have accrued on the money being forfeited in lieu of the defendant real property.

15. All parties are to bear their own costs and attorneys' fees, if any.

16. The U.S. District Court for the Eastern District of California shall retain jurisdiction to enforce the terms of this Final Judgment of Forfeiture.

IT IS SO ORDERED.

Dated: __**June 25, 2026**__

_____
Dena Coggins
United States District Judge

4