UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>REAL PROPERTY LOCATED AT 4343 NORTH FORTY, LINCOLN, CALIFORNIA, PLACER COUNTY, APN: 031-310-028-000, et al.,<br><br>Defendants. | No. 2:18-cv-00808-DC-CKD<br><br>ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR CLAIMANT XIANG RONG LIAN<br><br>(Doc. No. 103) |

This matter is before the court on the unopposed motion to withdraw as Claimant Xiang Rong Lian's counsel of record filed by Attorney Robert Juan Saria on May 24, 2026. (Doc. No. 103.) Pursuant to Local Rule 230(g), the pending motion is taken under submission to be decided on the papers. For the reasons explained below, the court will grant the pending motion to withdraw as counsel.

**LEGAL STANDARD**

An attorney's motion to withdrawal as counsel of record is governed by the Local Rules of this court. Specifically, Local Rule 182 provides as follows:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client

1

and the efforts made to notify the client of the motion to withdraw. L.R. 182(d). In addition, "[w]ithdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules." *Id*.

Rule 1.16(a) of the California Rules of Professional Conduct provides several grounds upon which an attorney "*shall* withdraw from the representation of a client," including if:

> (1) the lawyer knows or reasonably should know that the client is bringing an action, conducting a defense, asserting a position in litigation, or taking an appeal, without probable cause and for the purpose of harassing or maliciously injuring any person;
>
> (2) the lawyer knows or reasonably should know that the representation will result in violation of these rules or of the State Bar Act;
>
> (3) the lawyer's mental or physical condition renders it unreasonably difficult to carry out the representation effectively; or
>
> (4) the client discharges the lawyer.

Cal. R. Prof. Conduct 1.16(a) (emphasis added).

In contrast to Rule 1.16(a), a withdrawal based on the grounds listed in Rule 1.16(b) is permissive, not mandatory. Cal. R. Prof. Conduct 1.16(b). Those permissive grounds include the following:

> (1) the client insists upon presenting a claim or defense in litigation, or asserting a position or making a demand in a non-litigation matter, that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law;
>
> (2) the client either seeks to pursue a criminal or fraudulent course of conduct or has used the lawyer's services to advance a course of conduct that the lawyer reasonably believes was a crime or fraud;
>
> (3) the client insists that the lawyer pursue a course of conduct that is criminal or fraudulent;
>
> (4) the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively;
>
> (5) the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation;

2

(6) the client knowingly and freely assents to termination of the representation;

(7) the inability to work with co-counsel indicates that the best interests of the client likely will be served by withdrawal;

(8) the lawyer's mental or physical condition renders it difficult for the lawyer to carry out the representation effectively;

(9) a continuation of the representation is likely to result in a violation of these rules or the State Bar Act; or

(10) the lawyer believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal.

Cal. R. Prof. Conduct 1.16(b).

For permissive withdrawals, the decision to grant or deny an attorney's motion to withdraw is committed to the discretion of the trial court. "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Beard v. Shuttermart of Cal., Inc.*, No. 3:07-cv-00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008); *see also CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (noting that "[u]ltimately, the court's ruling must involve a balancing of the equities").

For both mandatory and permissive withdrawals, representation shall not be terminated until the attorney "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel." Cal. R. Prof. Conduct 1.16(d).

**ANALYSIS**

Here, Attorney Saria moves to withdraw as counsel for Claimant Xiang Rong Lian in this action under Rule 1.16(b) because there is no longer a continued attorney-client relationship, as "despite diligent efforts to attempt to locate [Claimant Xiang Rong Lian] since 2025 counsel has been unable to re-establish contact." (Doc. No. 103.)

Attorney Saria filed a claim on behalf of Claimant Xiang Rong Lian in this civil forfeiture

3

action on May 24, 2018. (Doc. No. 18.) Attorney Saria also filed an answer on behalf of Claimant Xiang Rong Lian on June 24, 2018. (Doc. No. 27.) Attorney Saria explains in the declaration filed in support of the pending motion that "[t]he case has been in hiatus for several years, owing to the fact that the parties were unable to reach any settlement in the interim, and that no trial was ever set to hear the claims on the merits." (Doc. No. 103 at 2.) The court notes that the docket reflects substantially long periods of inactivity, including five years of inactivity between 2020 and 2025. Attorney Saria states in his declaration that he closed his law practice in August 2023, when he became an Administrative Law Judge, where he remains employed full time and thus cannot represent Claimant Xiang Rong Lian. (*Id.* at 3.)

Attorney Saria further explains that in 2025 he "attempted to contact the [Claimant Xiang Rong Lian] to facilitate the transfer of the matter to another attorney," but he "was unable to locate the claimant." (*Id.*) In addition, Attorney Saria's "former investigator conducted a skip tracing investigation to include visiting the claimant's last known address where the claimant was no longer the resident." (*Id.*) In short, all attempts to contact the claimant have failed. (*Id.*)

Having considered the motion and Attorney Saria's representations, the court finds that the permissive withdrawal sought by counsel is appropriate under Rule 1.16(b).

As for prejudice withdrawal may cause to other parties, the court notes that neither Plaintiff United States nor any other claimant filed an opposition to the pending motion for withdrawal, nor otherwise express concerns regarding prejudice or delay.

As for delay that may be caused by permitting withdrawal, the court notes that Plaintiff United States and Claimants have filed several stipulations in the last few months indicating settlements of claims and requests that the court enter partial judgments pursuant to those stipulations. Permitting Attorney Saria's withdrawal will not unduly delay this case.

Further, Attorney Saria provided the court with Claimant Xiang Rong Lian's last known mailing address, as required by Local Rule 182. (Doc. No. 103-1 at 1.)

Thus, the pending motion to withdrawal as counsel for Claimant Xiang Rong Lian will be granted. Claimant Xiang Rong Lian will be provided thirty (30) days to obtain new counsel to represent him in this action or to inform the court of his intention to proceed *pro se* in this case.

4

**CONCLUSION**

For the reasons set forth above:

1.     The motion to withdraw as counsel for Claimant Xiang Rong Lian (Doc. No. 103) is GRANTED;

2.     The Clerk of the Court is directed to terminate Attorney Robert Juan Saria as the counsel of record for Plaintiffs;

3.     Attorney Claimant Xiang Rong Lian shall comply with all obligations under Rule 1.16(e) of the California Rules of Professional Conduct regarding release of a client's papers and property and return of unearned fees;

4.     Within thirty (30) days from the date of entry of this order, Claimant Xiang Rong Lian shall file either: (i) a notice of appearance by new counsel obtained to represent him in this action, or (ii) a notice informing the court that he will continue prosecuting his claim this action *pro se*;

5.     Claimant Xiang Rong Lian is warned that his failure to comply with this order may result in the court dismissing his claim due to his failure to prosecute and failure to comply with the court's order;

6.     Claimant Xiang Rong Lian is substituted in *pro se* and is directed to comply with all future hearing dates and the rules of the court;

7.     The Clerk of the Court is directed to enter the following contact information as Claimant Xiang Rong Lian's address of record;

> Claimant Xiang Rong Lian
> 211 Hebron Circle
> Sacramento, CA 95835

/////
/////
/////
/////
/////
/////

5

8.    The Clerk of the Court is directed to serve this order on Claimant Xiang Rong Lian by mail at the above address.

IT IS SO ORDERED.

Dated:    **June 25, 2026**

_____
Dena Coggins
United States District Judge

6