UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>REAL PROPERTY LOCATED AT 4343 NORTH FORTY, LINCOLN, CALIFORNIA, PLACER COUNTY, APN: 031-310-028-000, et al.,<br><br>Defendants. | No. 2:18-cv-00808-DC-CKD<br><br><u>ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE CLAIM OF XIANG RONG LIAN</u><br><br>(Doc. No. 113) |

This matter is before the court on Plaintiff United States' motion to strike the claim of Claimant Xiang Rong Lian pursuant to Supplemental Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. (Doc. No. 113.) Specifically, Plaintiff contends Claimant Lian lacks standing due to his failure "to respond to the Supplemental Rule G(6)(a) special interrogatories within the twenty-one-day statutory period" as is required. (Doc. No. 113-1 at 1.) Claimant Lian did not file an opposition or statement of non-opposition to the pending motion.[1]

[1] Indeed, it appears that Claimant Lian has abandoned his claim. Notably, in an order issued on June 26, 2026, Claimant Lian was ordered to file either a notice of appearance by counsel or a notice informing the court that he will proceed *pro se* in prosecuting his claim. (Doc. No. 112.) Claimant Lian has not filed such a notice, nor otherwise communicated with the court. Notably, Claimant Lian was warned that his failure to comply "may result in the court dismissing his claim due to his failure to prosecute and failure to comply with the court's order." (*Id.* at 5.)

The procedure for *in rem* forfeiture actions is governed by the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). Relevant here, Supplemental Rule G(6)(a) provides that "[t]he government may serve special interrogatories limited to the claimant's identity and relationship to the defendant property without the court's leave at any time after the claim is filed and before discovery is closed." Fed. R. Civ. P. Supp. Rule G(6)(a). The claimant must then answer or object to those interrogatories within twenty-one days of service of the interrogatories. Fed. R. Civ. P. Supp. Rule G(6)(b). A claimant's failure to comply may result in their claim being stricken. Specifically, "[a]t any time before trial, the government may move to strike a claim or answer: (A) for failing to comply with Rule G(5) or (6), or (B) because the claimant lacks standing." Fed. R. Civ. P. Supp. Rule G(8)(c)(i).

Here, Claimant Lian filed a claim to *In Rem* Defendant 211 Hebron Circle on May 24, 2018, but that claim merely alleged a "legal and equitable interest" without any further detail, such as the "claimant's interest type, the transactions forming the basis of ownership or a landlord designation, details of escrow and their acquisition of the property, if they occupied the property during the alleged criminal activity, and other items related to information typically found in claims filed in *in rem* cases." (Doc. Nos. 18; 113-1 at 2–3.) To get this basic information, Plaintiff served Claimant Lian with special interrogatories pursuant to Rule G(6) of the Supplemental Rules on April 24, 2026, making his deadline to respond May 15, 2026. (Doc. No. 113-1 at 2.) Claimant Lian did not respond to those interrogatories nor seek additional time in which to do so. As noted above, Claimant Lian also did not oppose Plaintiff's motion to strike his claim. Under these circumstances, the court finds striking Claimant Lian's claim to be warranted. *See United States v. Approximately $67,900.00 in U.S. Currency*, No. 2:13-cv-01173 JAM, 2013 WL 6440211, at *2 (E.D. Cal. Dec. 9, 2013) ("Although not every failure to respond to special interrogatories warrants an order striking the claim or answer, here, Claimant failed to timely respond, failed to request an extension, and his responses are not signed under oath.").

Accordingly,

1. Plaintiff United States' motion to strike the claim of Claimant Xiang Rong Lian

pursuant to Supplemental Rule G(8)(c)(i)(A) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Doc. No. 113) is GRANTED;

2. Claimant Xiang Rong Lian's claim to *In Rem* Defendant 211 Hebron Circle in this action is STRICKEN due to Claimant Xiang Rong Lian's failure to comply with Rule G(8)(c)(i)(A) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions; and

3. The Clerk of the Court is directed to update the docket to reflect that Claimant Xiang Rong Lian has been terminated from this action.

IT IS SO ORDERED.

Dated: **August 4, 2026**

Dena Coggins
United States District Judge